OLIVER AMES & others *vs.* GEORGE W. KING.

A bill in equity to restrain the fraudulent use of trade marks cannot be maintained, under *St.* 1852, *c.* 197, without alleging and proving that such use was for the purpose of falsely representing the articles, so marked, to be manufactured by the plaintiff.

BILL IN EQUITY to restrain the use of the plaintiffs' trade marks. The case was set down for a hearing on the bill and answer, which was under oath.

The bill alleged, that the plaintiffs were shovel manufacturers in Easton, under the name of O. Ames & Sons; that they stamped their shovels with the words " O. Ames," to denote that they were of their manufacture, and to distinguish them from shovels manufactured by other persons; that, in the process of finishing their shovels, this mark was so much erased upon about one third of them, that it appeared to be only " Ames," and not " O. Ames," and that the plaintiffs' shovels were generally known in the market, and quoted in prices current, as " Ames's shovels," and not as " O. Ames's shovels; " that the plaintiffs enjoyed a good reputation with the public for the quality of their shovels, and that in California, the principal market for such shovels, the plaintiffs' shovels commanded a higher price

than shovels made by other manufacturers, and bearing different marks; that the defendant was a manufacturer of shovels at Raynham, and made shovels of a shape similar to the plaintiffs', and well knowing the trade mark above mentioned to be the trade mark of the plaintiffs, and that they had the sole right to use it, and also well knowing the good reputation enjoyed by the plaintiffs as manufacturers of shovels, but contriving to injure and defraud the plaintiffs and the public, had fraudulently marked a large quantity of shovels made by him, which were much inferior to the plaintiffs' shovels, with the word "Ames," in imitation of the plaintiffs' mark, and in order to denote that the same were made by the plaintiffs; and that it was very difficult, if not impossible, for any one but a dealer in shovels to determine, from the mark or stamp alone, that said shovels were not of the plaintiffs' manufacture; that the reputation of the plaintiffs had been greatly injured in the market, by the sale of shovels bearing marks and stamps in imitation of their said mark, not of their manufacture, but of inferior quality; and the amount of their sales and profits rendered less than they otherwise would have been; and that still greater injury would be received, if shovels so marked should continue to be manufactured and sold by the defendant or any other person, and that such injury was incalculable and irreparable.

The answer admitted most of the allegations in the bill; but denied that the plaintiffs had the sole right to use the word "Ames" upon shovels; and denied that the defendant ever marked or stamped any shovels with the name "Ames," with intent to imitate the plaintiffs' shovels, or their mark, or to represent the same to be the manufacture of the plaintiffs, or to injure, deceive or defraud the public or the plaintiffs, or any other person; but admitted that he did make and stamp two hundred dozen shovels with the name of "Ames," under these circumstances, and for these purposes: The defendant, for several years, had been a manufacturer of shovels for different dealers in that article; and it had been his custom, when requested, to stamp shovels with the name of the dealer for whom he manufactured them. In the spring of 1852, he received an order for

Ames & others *v.* King.

two hundred dozen shovels for a dealer whose name was Edward B. Ames, accompanied with a request to stamp them " Ames; " and, in pursuance of this order and request, stamped the same " Ames," but not " O. Ames," and solely to denote that they were sold, or kept for sale, by said Edward B. Ames, and were made expressly for him. The defendant then alleged that said shovels were made on the same terms as shovels of the same quality made by him for other dealers; and that he did not know or believe, and had no reason to know or believe, that said shovels were ever sold, or offered for sale, or intended for sale, as and for shovels of the plaintiffs' manufacture; and that he never marked or stamped any other shovels with the name of Ames.

*C I. Reed*, for the plaintiffs. When a manufacturer of a particular article has been in the habit of making his goods with a particular device or particular words, (whether his own name, or a part of his own name, or not,) and has acquired a good reputation as the maker of articles thus marked, a court of equity will restrain another manufacturer from putting the same mark on his own goods. *Kendall* v. *Davis*, 2 R. I. 566. *Taylor* v. *Carpenter*, 3 Story R. 458. *Coats* v. *Holbrook*, 2 Sandf. Ch. 586. *Amoskeag Manuf. Co.* v. *Spear*, 2 Sandf. 599. *Coffeen* v. *Brunton*, 4 McLean, 516. *Millington* v. *Fox*, 3 Myl. & C. 338. *Rodgers* v. *Nowill*, 6 Hare, 325. The court will always restrain the use of a trade mark, which bears such a resemblance to the trade mark of another as to be likely to deceive the public. Cases before cited. *Knott* v. *Morgan*, 2 Keen, 213. *Hogg* v. *Kirby*, 8 Ves. 215. *Gout* v. *Aleploglu*, 6 Beav. 69, *note*. *Croft* v. *Day*, 7 Beav. 84. *Franks* v. *Weaver*, 10 Beav. 297. *Holloway* v. *Holloway*, 13 Beav. 209. *Spottiswoode* v. *Clarke*, 2 Phil. 154. *Crawshay* v. *Thompson*, 4 Man. & Gr. 357. *Burgess* v. *Burgess*, 3 De Gex, Macn. & Gord. 896. *Sykes* v. *Sykes*, 3 B. & C. 541. *Bell* v. *Locke*, 8 Paige, 75. *Partridge* v. *Menck*, 2 Sandf. Ch. 622, and 2 Barb. Ch. 101. *Stone* v. *Carlan*, 12 Law Reporter, 360. *Marsh* v. *Billings*, 7 Cush. 322. *Thomson* v. *Winchester*, 19 Pick. 214. The use of the trade mark " Ames," upon the facts admitted, was a fraud. 2 Story on Eq. § 951. *Polhill* v.

*Walter*, 3 B. & Ad. 114.   *Motley* v. *Downman*, 3 Myl. & C. 1.
*Blofield* v. *Payne*, 4 B. & Ad. 410.   *Coats* v. *Holbrook*, 2 Sandf.
Ch. 586.   *Taylor* v. *Carpenter*, 2 Sandf. Ch. 603.

*E. H. Bennett*, for the defendant, cited *St.* 1852, *c.* 197 ; *Burgess* v. *Burgess*, 3 De Gex, Macn. & Gord. 896 ; *Holloway* v. *Holloway*, 13 Beav. 209 ; *Perry* v. *Truefitt*, 6 Beav. 66 ; *Canham* v. *Jones*, 2 Ves. & B. 218 ; *Singleton* v. *Bolton*, 3 Doug. 293 ; *Blanchard* v. *Hill*, 2 Atk. 484 ; *Thomson* v. *Winchester*, 19 Pick. 214 ; *Bell* v. *Locke*, 8 Paige, 75 ; *Snowden* v. *Noah*, Hopk. 347 ; *Partridge* v. *Menck*, 2 Barb. Ch. 101, and 2 Sandf. Ch. 622 ; *Amoskeag Manuf. Co.* v. *Spear*, 2 Sandf. 599 ; *Motley* v. *Downman*, 3 Myl. & C. 14.

BIGELOW, J.   Inasmuch as this court has no general jurisdiction in cases of fraud,[*] we can take cognizance of this cause only so far as special jurisdiction is given by *St.* 1852, *c.* 197, entitled " an act further to protect trade marks."   By reference to that statute, it will be found that the only power conferred by it on this court is to authorize the restraint by injunction of the fraudulent use of trade marks and other similar devices, employed " for the purpose of falsely representing any article to be manufactured by " a person or firm who did not in fact make it.   To enable a party to maintain a bill in equity under the provisions of this statute, he must therefore allege and prove such fraudulent use for the purpose of effecting such false representation.

This case is set down for hearing on bill and answer.   The answer is sworn to, the oath of the defendant thereto not having been waived by the plaintiffs.   By a familiar rule in proceedings in chancery, when a case is set down for hearing on bill and answer, without proofs, the answer of the defendant under oath is conclusive as to all material facts averred in the bill and fully and distinctly denied by the answer.   In the case at bar, the bill states a case clearly within the statute above cited.   But the essential averments, in the bill, of a fraudulent use of the plaintiffs' name by the defendant, for the purpose of falsely represent-

---

[*] But see *St.* 1855, *c.* 194, § 1, cited *ante*, 193, *note.*

ing articles to have been made by them, which were in fact manufactured by the defendant, are particularly and fully traversed by the answer. It is very clear, therefore, upon the case, as it is now presented, that the plaintiff cannot maintain his bill. *Bill dismissed.*